# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | No. CR06-4091-DEO |
| vs. | **DETENTION ORDER** |
| STANFORD DOUGLAS, | |
| Defendant. | |

This matter came on for detention hearing on November 14, 2006. Assistant U.S. Attorney Shawn Wehde appeared on behalf of the plaintiff (the "Government"). The defendant Stanford Douglas appeared in person with his attorney, Conrad Douglas (no relation). The Government offered the testimony of Task Force Officer Brad Downing.

The court must determine whether any condition or combination of conditions will reasonably assure Douglas's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Douglas as required and the safety of the community if the court finds there is probable cause to believe Douglas committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at

the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates Douglas has been selling large quantities of crack cocaine, sometimes in the presence of young children. At the time of his arrest, a loaded semi-automatic firearm was found underneath his mattress. Douglas told officers he had the gun for protection. Cooperating witnesses have indicated Douglas has been seen carrying a firearm in connection with drug transactions.

Further, Douglas has failed to offer any evidence to rebut the presumption that he is a danger to the community. The presumption arises from the charges themselves. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Despite Douglas's limited prior criminal history, the court finds from this record that Douglas would be a danger to the community if he were placed on pretrial release.

Accordingly, the court finds the Government has proved by clear and convincing evidence that Douglas would be a danger to the community if released. Therefore, the court finds the following:

1. Douglas is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Douglas reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Douglas to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Douglas must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 14th day of November, 2006.

*/s/ Paul A. Zoss*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT